Sue R. Hughes *v.* W. H. Hughes, etc.

**Husband and Wife—Sale of Wife's Real Estate—Wife's Equity—Rights of Creditors.**

Where the wife's claim is a mere equity and there is no legal demand to which she can be substituted, such a claim cannot be enforced to the prejudice of her husband's creditors, for this reason her claim is not embraced in the statute providing for the settlement of insolvent decedent's estates, making all debts and liabilities of equal dignity and payable ratably.

APPEAL FROM GALLATIN CIRCUIT COURT.

May 18, 1871.

Opinion by Judge Peters:

This suit was brought in June, 1867, by appellant, an administratrix of her late husband, A. G. Hughes, alleging that the personalty was insufficient to pay the debts of her intestate, praying for a settlement of the estate and for the sale of the real estate, and the application of the proceeds to the payment of debts, asking, however, that her dower interest in the realty be secured to her.

In March, 1868, she filed an answer to the cross-petition of Wm. Hughes and Robinson controverting claims asserted by them against her late husband and concludes by averring that the real estate must be sold to pay debts, and that as it adjoined the town of Warsaw it would bring much more by dividing it into lots of from five to two acres and selling them off, than to sell all in one tract, and prayed the court to have the tract so divided and sold.

On the same day that she filed her answer to said cross-petition she filed her petition in which she states that she is a daughter and an heir of the late John A. Richry, who died in 1854, intestate, in Gallatin county, before her marriage with A. G. Hughes; that she inherited from her father 35 acres of land which was set apart to her, and that in lieu of personal estate inherited from her father, she accepted fifty acres of land, making about 85 acres in all; that in 1864 her late husband sold said land to one Satchwell, but before she would agree to join him in a conveyance of said land to Satchwell, he verbally promised that he would invest the money arising from the sale of her lands in other lands and cause the title to be made to her, and in consideration of said promise and agreement she joined her said husband in a conveyance of her said land to the purchaser, Satchwell.

That when he purchased the land from Robinson near Warsaw, the same land sought to be sold, he promised to convey or caused to be conveyed to her so much of said land as the money realized from the sale of her land would pay for that, the whole amount received by her said husband for the land inherited by her from her father and personalty, amounted· to about $5,545, which her said husband promised to secure to her by investing it in land, and having the title made to her; that he purchased the land from Robinson with the design to carry out and perform his said promise but was prevented from the execution of the same by his death, and that she has not been in any way secured for the price of her land sold by her late husband as aforesaid; and she seeks by this proceeding to have as much land set apart to her as $5,545 will pay for, or to have that sum paid to her out of the proceeds of the real estate of her late husband.

This claim of the widow was resisted by the creditors, and on final hearing was rejected by the court below, and she prosecutes an appeal.

The learned counsel for appellant has referred the court to the case of *Latimer, etc., v. Glenn, etc., 2 Bush* 535, and insists with much zeal that the two cases or analogous. In that case Latimer had actually made the conveyance to his wife in his lifetime, investing her with the legal title to the land, whereas

until that was done she had a mere equity against her husband, and besides, her husband was selling other lands in Kentucky and lands in Indiana for the purpose of paying his debts, and when she discovered that the title to the Burlington land had not been made to her she refused to relinquish her dower in the unsold lands in Kentucky and Indiana until the Burlington land was conveyed to her, which is an important fact which does not exist in this case.

It is true that the judge who delivered the opinion in the case, *supra,* does say:

"This conveyance to the use of the wife, therefore, was only the voluntary discharge by the husband of an obligation, which the chancellor would have compelled on the proper application of the wife. But that is a dictum. Whether or not the chancellor would have compelled it was not before the court and may be a question of great doubt, and indeed that sentence is qualified by one in a subsequent part of the same opinion in which it is said: 'She,' the wife, 'having the legal title with an equity untainted with illegality or fraud cannot be disturbed,' evidently giving effect to the fact that she had the legal title."

In *Maraman's Admr. v. Maraman,* 4 Met. 86, this court held that where the wife's claim is a mere equity and there is no legal demand to which she can be substituted, it would seem to follow that such a claim cannot be enforced to the prejudice of her husband's creditors. Without further elaboration we regard this case as embraced in the principle settled in the case of *Maraman's Admr. v. Maraman, supra,* and for the reason stated in that opinion this claim of the widow is not embraced in the statute providing for the settlement of insolvent decedents' estates, making all debts and liabilities of equal dignity and payable ratably.

In *Pryor, Assignee, etc., v. Dupuy,* the principle involved in this case is settled.

(This opinion seems to have been lost.)

Wherefore the judgment must be affirmed.

*Landrum, for appellant.*